# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**GEORGE ALLEN CRAVENS**                                          **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 4:22-CV-P93-JHM**

**CASSIE THOMPSON *et al.***                                       **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the amended complaint pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will dismiss this action.

## I.

Plaintiff George Allen Cravens is incarcerated as a pretrial detainee at Daviess County Detention Center (DCDC). He names as Defendants Daviess County and Southern Health Partners (SHP). Plaintiff also names as Defendants Cassie Thompson, Nicki Fentress, Jenny Phillips, and Tamberly McCoy. Plaintiff sues these Defendants in in both their official and individual capacities.

Plaintiff makes the following allegations in the amended complaint (DN 11):

On 5/2/2022, we were checked for scabies in Cell 110. Nurse Jenny Phillips and Nurse Cassie Thompson gave some inmates Permethrin Cream 5% 2/2 because they were showing signs of a rash on their bodies. The same day I reported getting a rash that itched non-stop like everyone else but was denied the treatment. Nurse [] Phillips and Nurse [] Thompson claimed that they did not have enough Permethrin Cream to treat everyone at the current time so I had to scavenge for left overs from the ones that received the Permethrin Cream . . . .

On 5/6/2022, we had to redo the treatment because the guards did not do all the that the nurses told them to do and again I was refused treatment.

---

[1] The complaint in this action was jointly filed by three inmates. Upon review, the Court entered an Order severing the action and directing Plaintiff Cravens to file his own superseding amended complaint (DN 10).

On 5/17/2022, Doctor Tamberly McCoy finally gave every inmate housed in Cell 110 Permethrin Cream instead of only ½ the cell.

Plaintiff states that his constitutional rights have been violated because he was twice denied medical treatment before he received "the treatment [he] needed on 5/17/2022."

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Daviess County and SHP

The same analysis that applies to a § 1983 claim against a municipality, such as Daviess County, applies to a § 1983 claim against a private corporation, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978)).) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp.*

*of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights."). To state a claim against either a municipality or a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of Daviess County or SHP. Accordingly, Plaintiff's claims against these Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendants Phillips, Thompson, McCoy, and Fentress

#### 1. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Phillips, Thompson, McCoy, and Fentress are actually against either Defendant Daviess County or SHP (Plaintiff indicates that both entities are these Defendants' employers) and are, therefore, subject to dismissal for the reasons set forth above.

4

### 2. Individual-Capacity Claims

### a. Defendants Phillips, Thompson, and McCoy

As to Plaintiff's individual-capacity claims, the standard for inadequate-medical-care claims brought by pretrial detainees under the Fourteenth Amendment has been in flux in the Sixth Circuit.[2] In *Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022), the Sixth Circuit clarified the standard as follows:

> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06. More recently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison

---

[2] A convicted inmate is protected from cruel and unusual punishment by the Eighth Amendment, which includes a right to be free from deliberate indifference to an inmate's serious medical needs. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). An Eighth Amendment deliberate-indifference claim has both an objective and a subjective component. *Id*. at 937-38. To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective component, the plaintiff must show that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id*. at 837. The plaintiff must demonstrate that the official was aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn and that the official actually drew the inference. *Id*. The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond*, 885 F.3d at 937 (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). In *Kingsley v. Hendrickson*, however, the Supreme Court analyzed the standard applied to an excessive-force claim brought by a pretrial detainee and eliminated the subjective prong of the deliberate indifference standard for such a claim. 576 U.S. at 397-400. In *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021), the Sixth Circuit held that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical needs.

>official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Id*. at 757. Importantly, this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the []high bar[] for constitutional torts grounded in a substantive due process violation." *Id*. at 758. A showing of "mere negligence is insufficient." *Id*. at 753 (citing *Brawner*, 14 F.4th at 596).

For purposes of this initial review, the Court will assume that Plaintiff's alleged scabies infection constitutes an objectively serious medical need under the above standard. However, based upon Plaintiff's allegations, the Court concludes that Defendants Phillips and Thompson cannot be said to have acted with reckless disregard to this need because the only reason they did not provide him Permethrin Cream for his scabies condition on one occasion was because they had run out. Moreover, Plaintiff's only allegation concerning Defendant McCoy is that she did provide him treatment for his scabies condition. Thus, the Court concludes that Plaintiff has failed to allege that Defendant Phillips, Thompson, or McCoy acted with reckless disregard to his ostensibly serious medical need. For this reason, the Court will dismiss Plaintiff's individual-capacity claims against these Defendants for failure to state a claim upon which relief may be granted.

### b. Defendant Fentress

As to Defendant Fentress, Plaintiff's individual-capacity claim against her fails because he makes no allegations against her in the amended complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted

6

constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro s*e complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 U.S. App. LEXIS 9928, at *3 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Thus, Plaintiff's individual-capacity claim against Defendant Fentress will also be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: October 31, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.011

7